# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER Y.[1],

            Plaintiff,

   v.

FRANK BISIGNANO, Commissioner of Social Security,

            Defendant.

Case No. 2:25-cv-01544-PD

**MEMORANDUM OPINION AND ORDER VACATING AGENCY DECISION**

Plaintiff challenges the denial of his application for Supplemental Security Income.  For the reasons stated below, the decision of the Administrative Law Judge is vacated and the Court remands this matter on an open record for further proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the United States Judicial Conference Committee on Court Administration and Case Management.

## I.      Pertinent Procedural History and Disputed Issues

On October 17, 2022, Plaintiff filed a Title XVI application for supplemental security income, alleging that he became disabled on June 1, 2021.  Administrative Record ("AR") 17, 235-247.[2]  Plaintiff later amended his alleged onset date to October 17, 2022.  AR 17.  His application was denied initially on December 10, 2022, and upon reconsideration on October 26, 2023.  AR 17, 111, 128.  He requested a hearing, which was held via telephone on September 5, 2024, before an Administrative Law Judge ("ALJ").  AR 38-73.  Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert ("VE").  *Id.*  On October 11, 2024, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act ("SSA").  AR 17-31.   On January 3, 2025, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  AR 1-6.

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. §§ 404.1520(a), 416.920(a).  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activities since October 17, 2022, the application date.  AR 19 ¶ 1.  At step two, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc and facet disease of the cervical spine, degenerative joint disease of the right great toe, scapholunate dissociation of the right wrist, chronic obstructive pulmonary disease, anxiety disorder, major depressive disorder, and posttraumatic stress disorder (20

---

[2] The Administrative Record is CM/ECF Docket Numbers 17-1 through 17-8.  Plaintiff's opening brief is at Docket Number 20 and Defendant's Brief is at Docket Number 23.

CFR 416.920(c)).” AR 19 ¶ 2.  The ALJ found that these impairments significantly limit Plaintiff's ability to perform basic work activities.  AR 20.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).   AR 20 ¶ 3.

Before proceeding to step four, the ALJ determined that Plaintiff has the Residual Functional Capacity (“RFC”) to perform light work with the following limitations:

> lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently) except that he can only occasionally push or pull with the dominant upper extremity. He can sit for at least six hours in an eight-hour workday and stand and walk for six hours in an eight-hour workday. He can occasionally climb stairs and ramps but can never climb ladders, ropes, or scaffolds. He can frequently stoop, crouch, and kneel. He can occasionally crawl. He is limited to frequent handling with the dominant upper extremity.  He is limited to occasional overhead reaching, but forward and lateral reaching is not limited. He must avoid more than occasional exposure to pulmonary irritants, such as fumes, odors, dust, gases, and poor ventilation. The claimant is able to understand, remember, and carry out simple instructions and make commensurate simple, work-related decisions. He is able to maintain attention and concentration to perform and persist at simple tasks at a consistent pace for two hours at a time without requiring redirection to task. He requires work that does not involve interaction with the general public.  Interactions with co-workers and supervisors should be superficial. He requires work involving no more than occasional change in the routine work setting and no more than occasional independent goal setting or planning.

AR 22 ¶ 4.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  AR 30 ¶ 5. At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs which exist in

significant numbers in the national economy that Plaintiff can perform, in the occupations of "garment sorter", "merchandise marker", and "laundry folder." AR 30 ¶ 9, 31. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the SSA, since October 17, 2022, the date the application was filed.  AR 31 ¶ 10.

Plaintiff raises three issues: (1) Whether the ALJ properly evaluated the medical opinions of the consulting psychologists; (2) Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony; and (3) Whether the ALJ properly found that Plaintiff could perform other work at Step Five. Dkt. No. 20 at 2.

## II.    Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits.  A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *see also Biestek v. Berryhill*, 587 U.S.97, 103 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).  Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[3]

---

[3] Although statements in unpublished Ninth Circuit opinions "may prove useful [ ] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions

4

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).  Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## III.   Discussion
### A.   The ALJ Failed to Properly Evaluate the Medical Opinions of the Consulting Psychologists

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of the consulting psychologists D. Thigpen, Psy.D., David LaCourt, Ph.D. and Cynthia Barton, M.A.  Dkt. No. 20 at 8-17. Plaintiff contends that the ALJ failed to adequately consider the supportability and consistency factors in evaluating Dr. Thigpen, Dr. LaCourt and Ms. Barton's opinions.  *Id.* at 7-17.  The Commissioner disagrees and argues that the ALJ properly analyzed the consultative examining psychologists' opinions.  Dkt. No. 23 at 9-12.  For the reasons stated below, the Court agrees with Plaintiff.

### 1.   Applicable Law

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."  Social Security Ruling 96-8P, 1996 WL 374184, at *1 (1996).  It reflects the most a claimant can do despite their limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996).  An RFC determination must be based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians.  20 C.F.R. § 404.1545.  It is the ALJ's responsibility to

---

particularly as to issues of law.  *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used ... as the pivotal basis for a legal ruling by a district court").

resolve conflicts in the medical evidence and ambiguities in the record. *Ford*, 950 F.3d at 1149. Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan*, 528 F.3d at 1198.

The ALJ, not the claimant's physician, "is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In rendering the RFC, the ALJ "must articulate a 'substantive basis for rejecting a medical opinion or crediting one medical opinion over another.'" *Sandra B. v. Kijakazi*, 2022 WL 2651981, at *2 (C.D. Cal. Jul. 8, 2022) (citing *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)).

For claims filed on or after March 27, 2017, the Social Security Administration's new regulations, which alter the framework for how an ALJ must evaluate medical evidence, apply. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 2017 WL 168819, at 5844-45 (Jan. 18, 2017); *Loriel C. v. Saul*, 2020 WL 4340742, at *11 (E.D. Wash. July 28, 2020). ALJs are now required to articulate "how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings." 20 C.F.R. §§ 404.1520c(a), (b).

The factors for considering persuasiveness include supportability, consistency, relationship with claimant (e.g. length of the treatment relationship, frequency of examinations, etc.), specialization, and other factors that tend to support or contradict a medical opinion. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5). While all factors should be considered, the ALJ must articulate how he or she considered the factors of supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2); *Buethe v. Comm'r of Soc. Sec.*, 2021 WL 1966202, at *3-4 (E.D. Cal. May 17, 2021) (explaining that while an ALJ is required to consider all factors, the ALJ must at least explain how she considered the supportability and consistency factors because they are the

6

most important).

The ALJ "must do so in sufficient detail to allow a reviewing court to determine whether that reasoning is free from legal error." *Robert D. v. Kijakazi*, 2021 WL 5905734, at *4 (S.D. Cal. Dec. 14, 2021). "The 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding is." *Christopher F. v. Comm'r of Soc. Sec.*, 2020 WL 7022484, at *2 (W.D. Wash. Nov. 30, 2020) (quoting 20 C.F.R. §§ 404.1520c(C)(1)-(2)). Under the new regulations, an ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

An RFC is defective if it fails to take a plaintiff's limitations into account. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). However, "there is no requirement that the RFC recite medical opinions verbatim, rather the ALJ is responsible for translating and incorporating medical findings into a succinct RFC." *McIntosh v. Colvin*, 2018 WL 1101102, at *5 (S.D. Cal. Feb. 26, 2018); *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) ("ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination."); *see also Foster v. Kijakazi*, 2022 WL 3230472, at *2 (9th Cir. 2022) ("An ALJ considers opinions from medical sources on the issue of a claimant's RFC, but the final responsibility for deciding this issue is reserved to the Commissioner.") (citations, internal quotation marks, and alterations omitted). Finally, it is well established that RFC determinations are legal decisions, not medical opinions. *Valerie C. v. Berryhill*, 2019 WL 450675, at *6 (C.D. Cal. Feb. 5, 2019).

7

### 2.    Dr. Thigpen

On May 26, 2021, consultative examining psychologist Dr. Thigpen evaluated Plaintiff via video conference.  AR 575.  Plaintiff's chief complaint was "anxiety and being traumatized after doing 15 years in prison" and he stated he has "PTSD."  AR 575.  Dr. Thigpen reviewed a report from Mule Creek Correctional Facility along with a Function Report Adult.  AR 575.  Dr. Thigpen performed a mental status examination noting that Plaintiff was well mannered and polite; he appeared organized and coherent; and that no auditory and/or visual hallucinations, or delusions were noted and demonstrated during the interview.  AR 577.  Plaintiff denied suicidal or homicidal ideation and was oriented by four.  AR 577.  Dr. Thigpen noted that throughout the interview, Plaintiff's attitude and behaviors were neutral; his speech was normal in terms of prosody, rate, and rhythm; and his thought processes were linear, logical and goal oriented.  AR 577.  Dr. Thigpen found that Plaintiff's memory appeared impaired and his estimated level of intelligence based on presentation appeared average.  AR 577.  Based on Plaintiff's report of symptoms along with his presentation and Dr. Thigpen's clinical observations, Dr. Thigpen diagnosed Plaintiff with Generalized Anxiety Disorder.  AR 578.  Dr. Thigpen opined that Plaintiff had mild impairments in performing simple and repetitive tasks; and moderate impairments in performing detailed and complex tasks, accepting instructions from supervisors, interacting with coworkers and the public, performing work activities consistently without special instructions, maintaining regular attendance, completing a normal workday or workweek, and dealing with usual workplace stress.  AR 578-579.

### 3.    Dr. LaCourt and Ms. Barton

On February 23, 2023, Cynthia Barton, M.A., under the supervision of David LaCourt, Ph.D., performed a video conference consultative

psychological evaluation on Plaintiff. AR 646-650. Plaintiff reported he had served 16 years in prison and had been out for two years. AR 647. Plaintiff reported experiencing mental health symptoms including mania, daily depression, a history of two suicide attempts, auditory and visual hallucinations, flashbacks and distressing memories related to prison trauma, constant anxiety, and gender dysphoria. AR 647-648. Plaintiff reported that he received telehealth care with a psychiatrist and psychologist and had no history of inpatient psychiatric treatment. AR 648.

Dr. LaCourt and Ms. Barton conducted a mental status examination and noted that Plaintiff's clothing was appropriate and in decent repair, but his grooming and general personal hygiene were lacking. AR 649. They noted that Plaintiff's attention and concentration were in the low range, and his recall and memory were not grossly intact. AR 649. Dr. LaCourt and Ms. Barton found that Plaintiff presented with limited eye contact and an angry facial expression; he was guarded and irritable throughout the exam but tried to answer the questions; and the questions had to be consistently repeated in order to obtain information related to the subject. AR 649. Dr. LaCourt and Ms. Barton noted that Plaintiff's affect was restricted, with a depressed, pessimistic mood; his speech was fully understandable, with no noted tone, loudness or pacing issues; and his thought content was grossly consistent with the presenting mood, based upon his verbal responses. AR 649-650. Their clinical impression of Plaintiff was "below average intellectual functioning." AR 650. Dr. LaCourt and Ms. Barton diagnosed Plaintiff with PTSD with panic attacks, major depressive disorder, recurrent episode, with psychotic features, and gender dysphoria. AR 650. Dr. LaCourt and Ms. Barton opined that Plaintiff had marked limitations in understanding and remembering detailed or complex instructions, sustaining concentration and task persistence for carrying out instructions, interacting with supervisors and coworkers, engaging in social interactions with the public, adapting to the

9

workplace, and using public transportation or traveling to unfamiliar places. AR 650.  They also opined that Plaintiff had moderate limitations in understanding and remembering short/simple instructions and does not present with sufficient decision-making abilities to appropriately manage funds.  AR 650.

### 4.      The ALJ's Decision

The ALJ noted that Dr. Thigpen opined that Plaintiff had mild impairment in his ability to perform simple and repetitive tasks and moderate impairments in all other areas of assessed work-related mental functioning, including ability to maintain regular attendance and complete a normal workday and workweek.  AR 29 (citing AR 578-579).  The ALJ found Dr. Thigpen's opinion partially persuasive, to the extent that it is consistent with and supports the RFC finding for a range of unskilled work with social and other limitations.  AR 29.  The ALJ, however, found the "degree of limitation opined is not supported by or consistent with the medical and other evidence." AR 29.  The ALJ further found that Dr. Thigpen's opinion is not supported by her mostly unremarkable clinical findings and is inconsistent with the lack of significant mental health treatment.  AR 29.

The ALJ also noted that Dr. LaCourt and Ms. Barton evaluated Plaintiff in February 2023, and opined that Plaintiff had moderate limitations in understanding and remembering short/simple instructions; marked limitations in understanding and remembering detailed/complex instructions; sustained concentration/task persistence for carrying out instructions; interacting with the public, coworkers, and supervisors; adapting to changes in the workplace; and use of public transportation/travel to unfamiliar places; and did not present with sufficient decision-making abilities to appropriately manage funds.  AR 29 (citing AR 650).  The ALJ found Ms. Barton and Dr. LaCourt's opinion "not persuasive, although it is somewhat supported by the

10

examination findings, because it is inconsistent with the record as a whole." AR 29. The ALJ found that "this opinion is based on a one-time examination that is not at all consistent with the rest of the record as outlined above." AR 29. The ALJ explained that Plaintiff does not receive mental health treatment and Plaintiff's behavior and presentation at the psychological consultative examination was very different from his presentation at the hearing. AR 29. The ALJ further noted that Plaintiff was able to sustain semi-skilled work activity as a light truck driver for over six months as recently as 2022 and his presentation at the consultative examination seemed to be a clear overstatement of his limitations. AR 29.

### 5. Analysis

In finding Dr. Thigpen's opinion partially persuasive and finding Ms. Barton and Dr. LaCourt's opinion not persuasive, the ALJ was required to provide an explanation, supported by substantial evidence, articulating her consideration of both the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Woods*, 32 F.4th at 787; Kitchen v. Kijakazi, 82 F.4th 732, 739 (9th Cir. 2023). As detailed below, however, the ALJ failed to do so.

### a) Supportability

First, the ALJ found that the opinion of Dr. Thigpen was "partially persuasive" but stated that the degree of limitation that she opined was present was "not supported by [the Plaintiff's] mostly unremarkable clinical findings and is inconsistent with the lack of significant mental health treatment." AR 29. The ALJ, however, fails to explain her reasoning for such conclusion. *Id.* While the ALJ found Dr. Thigpen's opinion was not supported by the clinical findings, she failed to point out any clinical findings made by Dr. Thigpen that would be unsupportive of her opinion or explain why any

11

limitation set forth by Dr. Thigpen was unsupported.  AR 29.

Further, the ALJ's decision ignores Dr. Thigpen's detailed examination findings, including Plaintiff's impaired memory, poor sleep, and anxiety-related irritability, which directly support the opined moderate limitations. AR 575-579.  "The rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness."  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  While psychiatric evaluations "may appear subjective, especially compared to evaluation in other medical fields," "the nature of psychiatry" is that mental assessments "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Id.*; *accord Nygren v. Saul*, 854 F. App'x 874, 876 (9th Cir. 2021).

ALJs must provide an explanation supported by substantial evidence for why an examining or treating doctor's opinion is unsupported by the record.  *Woods*, 32 F.4th at 792.  Ultimately, the ALJ's failure to explain how and to what extent Dr. Thigpen's findings did not support her medical opinion constitutes error.  *See Wheeler v. Kijakazi*, 2023 WL 4146215, at *3 (E.D. Cal. June 23, 2023) (finding ALJ's supportability analysis insufficient where ALJ rejected treating physician's opinion without explaining "to what extent [physician's] own treatment records did not support [his] medical opinions"); *Sandra B.*, 2022 WL 2651981, at *6 ("the ALJ's conclusory statement otherwise was insufficient as an explanation for how the factor of supportability was considered. ... The ALJ's single-sentence statement fails to substantively engage with Dr. Burnett's assessment."); *see also Walker v. Comm'r of Soc. Sec. Admin.*, 2024 WL 64784, at *4 (D. Nev. Jan. 4, 2024) (by failing to include record citations to support his conclusion regarding supportability and consistency, the "ALJ therefore failed to 'build an accurate and logical bridge' from the evidence to his conclusions, ... Indeed, in order to review the ALJ's findings as-is, the Court would need to guess what analysis

12

pertains to which factor, and further guess where in the record the ALJ found evidence to support his findings. ... This, in itself, is reason to remand for a new decision") (internal citation omitted).

While it is sometimes possible to ascertain whether the ALJ was analyzing supportability or consistency from the context of the ALJ's reasoning and whether the ALJ compared the medical opinion to the source's own treatment notes and objective findings or other evidence in the record, *see Woods*, 32 F.4th at 793 n.4, here that is not the case because the ALJ fails to explain the evidence on which she relied in reaching the conclusion that Dr. Thigpen's opinion is only partially persuasive and is "not supported by or consistent with the medical and other evidence." AR 29. Hence, because the ALJ was required to provide an explanation, supported by substantial evidence, of her consideration of the supportability factor, the ALJ's failure to explain her findings as to the supportability of Dr. Thigpen's opinion was error. *See Woods*, 32 F.4th at 787.

The Court notes that, elsewhere in the ALJ's opinion, she briefly summarized Dr. Thigpen's examination of Plaintiff and does cite to the record. AR 25-26. However, these citations do not sufficiently connect to the ALJ's supportability analysis. *See Tina L. R.* v. *Kijakazi*, 2022 WL 6632198, at *5 (C.D. Cal. July 25, 2022) (when the ALJ made findings about a doctor's treatment records "in reviewing the overall record," the court found that this was insufficient to support his supportability and consistency analysis because, "while the ALJ may have made these findings, she did not cite these records in dismissing Dr. Weiss's opinion. The Court is 'constrained to review the reasons the ALJ asserts.'").

Next, the ALJ found that the opinion of Dr. LaCourt and Ms. Barton was not persuasive, even though the ALJ found their opinion was "somewhat supported by the examination findings," because it is "inconsistent with the record as a whole" and is "based on a one-time examination that is not at all

13

consistent with the record as a whole." AR 29. Here, the ALJ acknowledged that Dr. LaCourt and Ms. Barton recorded positive examination findings that

somewhat supported their marked limitations; thus, the ALJ does not appear to challenge the supportability factor of their opinion but rather challenges the consistency factor which will be discussed below.

### b)   Consistency

As to the consistency factor, the ALJ found that Dr. Thigpen's opinion was inconsistent with the medical and other evidence and with the "lack of significant mental health treatment." AR 29. The ALJ, however, did not offer an explanation, supported by substantial evidence, as to how Dr. Thigpen's opinion was inconsistent with the medical and other evidence in the record. AR 29. The ALJ's conclusion does not provide the level of specificity necessary for Plaintiff or this Court to evaluate the ALJ's reasoning. The ALJ does not cite to *any* medical records to support her conclusions. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *Beltran v. Kijakazi*, 2023 WL 6164105, at *5 (E.D. Cal. Sept. 21, 2023) (finding that the ALJ did not "clearly address the consistency factor" because they did not "explain the extent to which the limitations identified by [the opining physician] are inconsistent with other evidence in the record, including the opinions from other medical sources and nonmedical evidence."); *see also Rios v. O'Malley*, 2024 WL 280602, at *5 (E.D. Cal. Jan. 25, 2024) (remanding when ALJ did not "provide the requisite explanation" regarding consistency). "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial

14

evidence." *Woods*, 32 F.4th at 792.

To the extent the ALJ penalizes Plaintiff with regard to the lack of significant mental health treatment, Plaintiff argues that the ALJ disregards Plaintiff's documented barriers to care, such as incarceration for several years, homelessness, limited financial resources, and reliance on public assistance, rendering this reasoning legally insufficient. *See* AR 46, 47, 61, 711. The Ninth Circuit has "criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for exercise of poor judgment in seeking rehabilitation.'" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). "Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Accordingly, the ALJ's consistency finding as to Dr. Thigpen was not supported by substantial evidence.

Next, the ALJ discussed the consistency factor as to Dr. LaCourt and Ms. Barton finding that their opinion is "inconsistent with the record as a whole" and "based on a one-time examination that is not at all consistent with the rest of the record as outlined above." AR 29. The ALJ did not offer any explanation as to how Dr. LaCourt and Ms. Barton's opinion was inconsistent with the record as a whole. AR 29. The ALJ does not cite to *any* medical records to support her conclusions. *See Rios*, 2024 WL 280602, at *5. The ALJ's conclusion does not provide the level of specificity necessary for Plaintiff or this Court to evaluate the ALJ's reasoning.

Further, to the extent the ALJ finds Dr. LaCourt and Ms. Barton's opinion unpersuasive based on a one-time examination, the ALJ failed to provide any discussion comparing it to the rest of the record or any other medical opinions. The fact that Dr. LaCourt and Ms. Barton only performed

15

one examination is not, absent such disagreement with the findings of other physicians, a sufficient basis to reject their conclusions. *See Ford v. Berryhill*, 2018 WL 2002806, at *2 (W.D. Wash. Apr. 30, 2018) ("If the court were to reject medical opinions every time they were based on a single examination, then only opinions from treating doctors would be considered, contrary to federal regulation.").

The ALJ also explained that Plaintiff "does not receive mental health treatment" and that his "behavior and presentation at the psychological consultative examination was very different from his presentation at the hearing." AR 29. As discussed above, the ALJ has again improperly penalized Plaintiff for failing to obtain mental health treatment but has erroneously failed to consider his reasons for the lack of mental health care. *See* AR 46, 47, 61, 711. Plaintiff further argues with respect to his "appearance at the hearing," that the ALJ did not conduct a mental status examination. Dkt. No. 20 at 16 (citing AR 38-73). The Commissioner responds that the ALJ explained that Plaintiff's presentation to Dr. LaCourt and Ms. Barton was inconsistent with his ability to maintain concentration to testify at the hearing. Dkt. No. 23 at 11 (citing AR 29). The ALJ, however, did not provide this explanation and was not present at Plaintiff's mental status examination. Moreover, both Plaintiff and the ALJ were in their own private locations during the social security hearing which was conducted by telephone. AR 40. Plaintiff argues that his ability to function on the telephone is not comparable to his ability to function at work or in a consultative examination. Dkt. No. 20 at 16. The Court agrees with Plaintiff. The ALJ's lay analysis of Plaintiff's hearing presentation, when he was not even able to see the Plaintiff, does not provide any support to the ALJ's conclusion that the opinion of Dr. LaCourt and Ms. Barton is not consistent with the record.

Finally, to the extent the ALJ finds Dr. LaCourt and Ms. Barton's 2023

16

opinion inconsistent because Plaintiff was able to sustain work activity as a light truck driver in 2022, Plaintiff argues that this was *prior* to the relevant time period for his disability application.  AR 29.  This is not a valid reason to find Dr. LaCourt and Ms. Barton's opinion inconsistent with the record.  Accordingly, the ALJ's evaluation of the consistency factor as to Dr. LaCourt and Ms. Barton's opinion was not based on substantial evidence.

In sum, the ALJ erred in evaluating the persuasiveness of Dr. Thigpen, Dr. LaCourt and Ms. Barton's opinions by failing to properly address the supportability and consistency factors.  Had the ALJ properly considered the persuasiveness of those opinions, the ALJ could have set an RFC that would lead to a finding that Plaintiff is unemployable.  As such, the ALJ's error was not "inconsequential to the ultimate nondisability determination." *Treichler*, 775 F.3d at 1099.

### B.   Remaining Issues and Remedy

Plaintiff contends that the ALJ's decision is also erroneous because the ALJ failed to properly assess his subjective symptom testimony and failed to properly assess whether Plaintiff could perform other work at Step Five.  Dkt. No. 20 at 17- 24.  Because the Court concludes that this case be remanded on an open record, the Court declines to address Plaintiff's other claim of error.  *Google LLC v. Oracle America, Inc.*, 591 U.S. 1, 20 (2021) (appellate courts "should not answer more than is necessary to resolve the parties' dispute" on appeal); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("While Smith raises a number of issues on appeal, the court addresses only those relevant to its decision to remand the case to the agency[.]").

Further, an award of benefits is not warranted here, "[i]n light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings[.]" *Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2015).  Thus, the Court remands this matter on an open record for further

proceedings.

## IV.   Order

Accordingly, for all the reasons stated above, the Court finds that the ALJ's decision is not free of legal error or supported by substantial evidence and is therefore VACATED.  The case is remanded on an open record.

A separate judgment will issue.

IT IS SO ORDERED.

Dated: March 20, 2026

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

18